

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 24, 2025

**BY ECF**
The Honorable Margaret M. Garnett
Thurgood Marshall United States Courthouse
40 Foley Square
New York NY 10007

> Re:    *United States v. Changli Luo, a/k/a Sophia Luo*, 25 Cr. 412 (MMG)

Dear Judge Garnett:

The Government respectfully submits this letter to request that the Court enter the proposed protective order attached hereto as Exhibit A (the "Proposed Protective Order") pursuant to Federal Rule of Criminal Procedure 16(d).

The Government is prepared to produce discovery in this case. On September 24, 2025, the Government sent a proposed protective order to the defendant. On October 17, 2025, the defense informed the Government that it would not sign the Proposed Protective Order. The defense did not point to issues with specific provisions or conditions of the Proposed Protective Order, but, instead, informed the Government that it was unwilling to sign any such order. As discussed in further detail below, the allegations and discovery in this case—in which the defendant, among other things, blackmailed, extorted, and defrauded an individual based on false claims and artificial sexual images—are sensitive. The Proposed Protective Order is minimally restrictive; it guards against "clearly defined, specific and serious injury," *United States v. Jackson*, No. 21 Cr. 537 (LTS), 2022 WL 582700, at *2 (S.D.N.Y. Feb. 25, 2022), which would obtain if the Government produced discovery without a protective order, without impeding the defendant's ability to defend herself.

## I.    Background

On June 14, 2025, the defendant was charged in a complaint (the "Complaint") with destruction, alteration, or falsification of records in federal investigations in violation of Title 18, United States Code, Section 1519 and blackmail in violation of Title 18, United States Code, Sections 873 and 2. The defendant was arrested on June 14, 2025. On September 11, 2025, a grand jury sitting in the Southern District of New York returned an indictment charging the defendant with (i) wire fraud, in violation of Title 18, United States Code, Section 1343 and 2; (ii) Hobbs Act extortion, in violation of Title 18, United States Code, Sections 1951 and 2; (iii) blackmail, in violation of Title 18, United States Code, sections 873 and 2; and (iv) destruction, alteration, or falsification of records in federal investigations in violation of Title 18, United States Code, Sections 1519 and 2 (the "Indictment"). As set out in the Complaint and

the Indictment, from in or about November 2024 through at least in or about April 2025, the defendant demanded tens and, at times, hundreds of millions of dollars from an individual ("Victim-1") based on threats that the defendant made to Victim-1's businesses, family, and reputation. Certain of the defendant's threats were based on lies and misrepresentations. In particular, and as detailed in the Complaint, the defendant threatened to release to the media compromising and sensitive photos that purportedly depicted Victim-1. In truth and in fact, these photos did not exist, but, instead, were generated by the defendant by superimposing Victim-1's picture on top of pornographic photos and videos. In addition, the defendant threatened to report Victim-1 to federal authorities for alleged violations of federal laws unless Victim-1 paid her millions of dollars. Finally, the defendant attempted to obstruct law enforcement's investigation into her conduct by deleting evidence as well as hiding and concealing evidence.

The Court held an arraignment and initial status conference on September 17, 2025. At this conference, the Court directed the Government to make its first discovery production on or before October 3, 2025 and directed the defense to file a status letter regarding the progress of discovery and a motion schedule by the same date.[1] As explained above, the Government sent the defense the Proposed Protective Order on September 24, 2025. On October 17, 2025, the defense informed the Government that it will not sign the Proposed Protective Order, but did not raise objections to any specific provisions.

## II.    Applicable Law

Pursuant to Federal Rule of Criminal Procedure 16, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). "While protective orders related to judicial documents and criminal proceedings are subject to constitutional and common law scrutiny, protective orders related to discovery are not. This is because experience and logic show that there is no right of access to discovery materials." *United States v. Smith*, 985 F. Supp. 2d 506, 519 (S.D.N.Y. 2013); *see also id.* ("pre-trial discovery, unlike the trial itself, is usually conducted in private") (internal quotation and citation omitted). Protective orders in criminal cases are standard and serve important functions, particularly where, as here, the Government plans to "provide . . . [an] array of discovery materials," *id.* at 546, in an expeditious manner. "[T]he Supreme Court has held that 'the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Id.* at 521 (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)).

Significantly, in determining whether there is good cause to issue a protective order, courts "have recognized the pitfalls in allowing unfettered public access to discovery materials," including the risks that the "purpose of the discovery rules—to encourage the disclosure of information and materials to avoid unnecessary surprise and to level the playing field—might be

---

[1] Although the Government is prepared to produce a substantial portion of Rule 16 discovery, it has not yet made any productions because the defense has refused to execute the Proposed Protective Order. Additionally, per the Court's oral order, on or about October 1, 2025, the Government advised defense counsel that we anticipate completing Rule 16 discovery of materials currently in the Government's possession in another month—around November 1, 2025—so that defense has sufficient information to make an informed proposal regarding a motion schedule.

undermined," and "that disclosure of some of the discovery materials could taint a trial." *Id.* at 520. Courts in this District have also held that "countervailing law enforcement concerns and the privacy interests of third parties" may justify the issuance of a protective order. *United States v. Kerik*, No. 07 CR 1027 (LAP), 2014 WL 12710346, at *2 (S.D.N.Y. July 23, 2014); *see also Smith*, 985 F. Supp. 2d at 524 ("[C]ourts have recognized that the interests of third parties may justify restrictions on public access to judicial and other documents and materials."); *id.* ("courts have repeatedly recognized that materials, including even judicial documents which are presumptively accessible, can be kept from the public if their dissemination might adversely affect law enforcement interests") (internal quotation and citation omitted).

### III.  Good Cause Justifies the Issuance of the Government's Proposed Protective Order

The Government anticipates that discovery in this case will fall into the following general categories: (i) affidavits and warrants obtained by the Government during the prosecution, which describe investigative steps and techniques taken by law enforcement officers; (ii) documents and records produced pursuant to grand jury subpoenas, including private communications between the defendant and Victim-1; (iii) law enforcement reports that describe, among other things, investigative techniques used by law enforcement; (iv) body worn camera footage; (v) search warrant photos; and (vi) electronic devices seized from the defendant and the defendant's residence, the contents of which contain sensitive materials, including the images and videos the defendant made by superimposing Victim-1's picture on top of pornographic photos and videos.

The Proposed Protective Order provides for the following designations: (i) Disclosure Material; (ii) Sealed Material; (iii) Attorney's Possession Only ("APO") material; and (iv) Attorney's Eyes Only ("AEO") material.  Much of the discovery that the Government is prepared to produce has been designated as Disclosure Material—the least restrictive designation category in the Proposed Protective Order. [2]  The Proposed Protective Order allows Disclosure Materials to be freely possessed by the defendant and defense counsel so long as the materials are used "solely of the purposes for defending this action," and not posted on any public "Internet site or network site," or "to the media."  Exhibit A ¶ 5.  The APO and AEO designations are necessary to address a limited set of sensitive information, such as the very images that the defendant created and threatened to disseminate in connection with the charged conduct as well as Victim-1's identifying information.

There is ample good cause to support the entry of the Proposed Protective Order.  Here, as set forth above, the discovery materials are particularly sensitive and confidential in nature, and the defendant has already threatened to publicly disseminate what she determined to be damaging material regarding Victim-1 in an effort to extort and defraud money from Victim-1.  Accordingly, these materials affect the privacy, confidentiality and business interests of, at minimum, Victim-1

---

[2] As set forth in the Proposed Protective Order, the designations Sealed Material, APO Material, and AEO Material, are reserved for those materials that pose a heightened risk to the privacy and safety of witnesses and victims.  Exhibit A ¶¶ 2-4.  These designations are particularly necessary and appropriate here where there is evidence that the defendant has made efforts to research and find, and sometimes contact and harass, individuals linked to this case, including multiple of Victim-1's relatives.

and Victim-1's family.  Permitting the defendant to publicly post the discovery materials would essentially allow the defendant to carry out her extortionist threats, resulting in "specific and serious injury," *Jackson*, 2022 WL 582700, at \*2.

Furthermore, unfettered public disclosure of these above-referenced categories of materials could endanger the current and future investigations, by, for example, revealing law enforcement investigative techniques.  Broadcasting *how* law enforcement agencies conduct investigations and what techniques they use can diminish those very techniques' usefulness.  In addition, some of the documents that the Government anticipates producing, such as phone records, include the personal information of third parties, whose privacy the Proposed Protective Order also seeks to protect.  Finally, this provision of the Proposed Protective Order seeks to prevent public disclosure of materials that could unfairly prejudice potential future jurors.

Given the allegations at issue and the nature of the discovery in this case, good cause clearly exists for the entry of the Proposed Protective Order.  This is particularly true because the Proposed Protective Order includes provisions and designations that are regularly included in protective orders in criminal cases in this District.  *See, e.g.*, *United States v. Robert Menendez, et. al.*, 23 Cr. 490 (SHS), Dkt. No. 55 (Oct. 6, 2023); *United States v. Mendez-Vargas*, S3 Cr. 941 (JGK), Dkt. No. 25 (June 10, 2025); *United States v. Valentin*, 25 Cr. 2 (GBD), Dkt. No. 16 (Feb. 5, 2025); *United States v. Northover*, 25 Cr. 87 (VM), Dkt. No. 16 (Mar. 25, 2025); *United States v. Murphy*, 25 Cr. 218 (LAP), Dkt. No. 18 (July 25, 2025); *United States v. Johnson*, 23 Cr. 468 (VB), Dkt. No. 55 (Mar. 11, 2024); *United States v. Batista*, 25 Cr. 396 (NRB), Dkt. No. 10 (Oct. 14, 2025); *United States v. Gumucio*, 23 Cr. 595 (JPC), Dkt. No. 164 (Jan. 29, 2024).

## IV.    Conclusion

For the foregoing reasons, the Government submits that good cause exists to issue the Proposed Protective Order attached hereto as Exhibit A.   Accordingly, the Government respectfully requests that the Court enter the Proposed Protective Order.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by: *Brandon C. Thompson*
Brandon C. Thompson
Ni Qian
Assistant United States Attorneys
(212) 637-2444/2522