

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 6, 2025

**BY ECF**
The Honorable Margaret M. Garnett
Thurgood Marshall United States Courthouse
40 Foley Square
New York NY 10007

> Re: *United States v. Changli Luo, a/k/a Sophia Luo*, 25 Cr. 412 (MMG)

Dear Judge Garnett:

The Government respectfully submits this letter to address the defendant's letter dated October 31, 2025 (the "Def. Letter"), which is replete with misrepresentations of facts and the law.[1]  For the reasons set forth below, the Court should enter the Proposed Protective Order.

*First*, the defendant fails to engage with the arguments and case law set forth in the Government's letter.  Instead, the defendant relies on inapposite case law and misrepresentations. *See United States v. Amodeo*, 71 F.3d 1044, 1048-50 (2d Cir. 1995) (the quote "particularized, on the-the-record findings" does not appear in this case, which examines the presumption of the right of access to judicial documents, and the Court makes clear that discovery "lie[s] entirely beyond the presumption's reach"); *United States v. Bankman-Fried*, 680 F. Supp. 3d 289, at 301-302 (discussions regarding defendant's request for severance of counts); *United States v. Parnas*, No. 19 Cr. 725 (JPO) (*See* Docket No. 35, entering a protective order that prohibits public disclosure of discovery material); *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976) (addressing courts' ability to restrain public reporting by the press, particularly of court proceedings); *In re New York Times Co.*, 828 F.2d 110 (2d Cir. 1987) (addressing the press's right of access to documents filed with the Court).  In *United States v. Trump*, 88 F.4th 990, 1004 (D.C. 2003), the Court in fact distinguished the other cases cited by the defense, and found that the "Constitution affords judges broader authority to regulate the speech of trial participants," citing to *Seattle Times Co. v. Rhinehart*, 467 U.S. 20., 36-37 (1984), in which the Supreme Court found that protective orders regarding the handling of civil discovery are not subject to heightened First Amendment scrutiny.

*Second*, contrary to the defendant's assertion, the Proposed Protective Order does not prevent her from conducting her own investigation or preparing her defense.  In fact, the Proposed Protective Order provides that Disclosure Material shall *only* be used for the purpose of defending this action.  *See United States v. Smith*, 985 F. Supp. 2d 506, 544 (S.D.N.Y. 2013) (denying defense's motion for a protective order where defense argued, *inter alia*, that protective order

---

[1] Capitalized terms not defined herein carry the definitions as defined in the Government's Motion for a Protective Order, ECF No. 17.

would result in prejudice to trial preparation, including where defense claimed that protective order would prevent them from "being able to speak publicly" about materials that were seized by the Government and produced as Rule 16 discovery). Furthermore, as set forth in the Government's letter, the only materials that the Government intends to mark with the more restrictive APO or AEO designations are materials that contain sensitive victim material, such as Victim-1's picture and Victim-1's identifying information, and the fake pornographic images created by the defendant to further the charged crimes. To date, the Government has not marked any materials AEO. To the extent that the defendant believes that the Proposed Protective Order is "designed to prevent disclosure of facts," that is a gross misreading of the Proposed Protective Order. The Government is seeking entry of the Proposed Protective Order precisely because it wishes to make discovery in this case without unduly prejudicing other interests at issue. Indeed, the Government requested a 3-terabyte drive from defense in order to promptly produce discovery to counsel, not because it is seeking to "prevent disclosure of facts."

*Third*, the defendant's wrongful belief that Victim-1, as the alleged victim of a crime, has diminished privacy expectations simply because Victim-1 may be a public figure is unsupported by the case law. *Cf. SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001) (affirming the district court's ruling permitting the disclosure of deposition testimony in a civil case given by officers at the New York Stock Exchange regarding the officers' official duties). It also speaks to the need for the Proposed Protective Order, since part of the allegations is that the defendant attempted to extort Victim-1 by threatening to release the made-up compromising photos of Victim-1 if Victim-1 did not pay the defendant $50 million. *See* Complaint ¶¶ 4(a)(i), (iii).

Seemingly separate from arguments regarding the Proposed Protective Order, the defense also levied a litany of accusations against the Government and law enforcement officers based on at best reckless and at worst intentional misrepresentations of facts.

*First,* the defense claims that special agents with the FBI "seized materials during a search of [the defendant's] residence . . . that was far beyond the scope of the search warrant." Def. Letter at 2. The defense further represents that the "warrant explicitly authorized seizure of 'electronic devices and media,'" that the "agents deliberately exceeded this scope," and that "FBI's seizure of such materials exceeded the warrants scope and violated the Fourth Amendment's particularity requirement." *Id.* As an initial matter, the defense incorrectly describes the scope of the warrant, which was not limited to "electronic devices and media." The search of the defendant's residence and person adhered to the terms of the judicially-authorized search warrants. In all events, the defendant's desire to challenge the terms of a judicially authorized search is not a reason to delay or deny entry of the Proposed Protective Order. The defense's claim that the searches violated the Fourth Amendment are immaterial to determining the issue presently before the court—namely under what terms and conditions the Government will produce and the defense will maintain Rule 16 discovery in this case.

*Second*, when describing certain documents that the defense claims that FBI special agents unlawfully seized from the defendant's residence, the defense writes, "[t]he Government has refused to return these unlawfully seized materials." Def. Letter at 2. The defense has not requested that the Government *return* any documents. The defense has requested that the Government disclose certain documents seized pursuant to the search warrant in furtherance of

discussions between the parties.  During those discussions, there were no assertions that the requested documents fell outside the scope of the warrant.  To be clear, the Government plans to produce the seized documents in discovery once the Proposed Protective Order is entered.

*Third*, the defense writes that "strict procedural safeguards must be observed" "when the government seizes privileged material pursuant to a search warrant" and claims that "no such safeguards were employed."  Def. Letter at 3.  This assertion is baseless.  The Government has procedures to address concerns related to potentially privileged material, and it has employed those procedures here.  Regardless, this assertion has no bearing on the entry of the Proposed Protective Order.

*Fourth*, the defense contends that the Government "fail[ed] to disclose critical exculpatory evidence" and violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to discuss a settlement agreement into which the defendant entered in its letter motion requesting that the Court enter the Proposed Protective Order.  Def. Letter at 3.  Putting aside the fact that this allegation also has no bearing on the entry of the Proposed Protective Order, the Government notes that the publicly-filed Complaint discusses the mediation efforts between the defendant and Victim-1, the settlement agreement[2] into which they entered, as well as the payment that Victim-1 made.  *See* Complaint ¶¶ 3(c), (d).

At bottom, the defense's arguments and claims are incorrect and immaterial to the Government's request that the Court enter the Proposed Protective Order in this case.  Here, where the defendant is alleged to have threatened to release to the media compromising and sensitive materials relating to Victim-1 in order to further charged crimes, good cause plainly exists.

<div style="margin-left: 40%">

Respectfully submitted,

JAY CLAYTON
United States Attorney


by: ___/s/_____
    Brandon C. Thompson
    Ni Qian
    Assistant United States Attorneys
    (212) 637-2444/2364

</div>

---

[2] The defendant's description of the settlement agreement, including any acknowledgement of liability by Victim-1 and the payment arrangement, is also factually inaccurate.