# Aidala, Bertuna & Kamins, P.C.

LAW OFFICES OF

ARTHUR L. AIDALA*
MARIANNE E. BERTUNA*
HON. BARRY KAMINS (RET.)
HON. JOHN M. LEVENTHAL (RET.)
HON. DAVID L. LEWIS (RET.)
JOHN S. ESPOSITO*
MICHAEL T. JACCARINO
IMRAN H. ANSARI
DIANA FABI SAMSON**
DAVID M. SCHWARTZ*+
ANDREA M. ARRIGO*
MICHAEL F. DIBENEDETTO*
LINO J. DE MASI
ROSARIO BONA
GIOVANNI ORLANDO CONTI
ALEXANDRA JO DEBENEDICTIS

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN CONNECTICUT
+ALSO ADMITTED IN D.C

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (917) 261-4832
WWW.AIDALALAW.COM

8118 - 13TH AVENUE
BROOKLYN, NEW YORK 11228
TELEPHONE: (718) 238-9898
FACSIMILE: (718) 921-3292
_____

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH
SIGURD SORENSON
HON. MICHAEL C. FARKAS (RET.)
_____

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

*For the reasons discussed on the record at the December 15, 2025 Conference, the defendant's Home Detention condition is modified to include one hour of outdoor exercise time, to be authorized by Pretrial Services in advance on any day that the defendant is not already out for another appointment. All other pretrial release conditions remain in effect. The Clerk of Court is respectfully directed to terminate Dkt. No. 24. SO ORDERED.*

*Dated: December 15, 2025*

November 20, 2025

**Via ECF**

The Honorable Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:    **Changli Luo, a/k/a "Sophia Luo," a/k/a "Sophie Luo" – 1:25cr412**

**Dear Judge Garnett:**

We represent Changli Luo ("Sophia Luo") in the above-referenced matter and respectfully request that the Court modify Ms. Luo's bail conditions based on changed circumstances. Pre-Trial Services has consented to this request. The Government, however, has informed us that they oppose this request, but stated they may be willing to revisit the request at a later date.

Presently, Ms. Luo is subject to home detention with GPS monitoring. We request that the Court modify these conditions from home detention to a curfew, hours determined by Pre-Trial Services, while maintaining GPS monitoring.

For the last six months, (since June 16, 2025), Ms. Luo has been fully compliant with all directives issued by the Court and Pre-Trial Services. She has strictly adhered to the home detention restrictions and has consistently cooperated with supervision. She remains on GPS monitoring, providing Pre-Trial Services with real-time, highly accurate location information.

Pre-Trial Services has indicated that a curfew, with the hours set at their discretion, and continued GPS monitoring would be an appropriate and manageable level of supervision in light of the defendant's compliance record. Our office spoke with Sophia's Pre-Trial Services Officer, Francesca Piperato, via email on October 28, 2025, and by phone call on November 6, 2025. During both conversations, her position has remained that home detention is disproportionately restrictive in light of the Sophia's circumstances.

This modification would also enable Sophia to participate in therapeutic walks in Central Park, as well as exit her apartment to get fresh air at her leisure in order to help maintain her mental health, while still ensuring adequate oversight. The requested modification balances the need for

continued supervision with Sophia's demonstrated reliability and the practical considerations necessary for her to address an essential component of her stability and continued progress.

In their response to our request, the Government asserted that "in light of the significant flight risk and danger to the community" they do not consent to this modification. However, this characterization is wholly unsupported by the facts. Since her release in June, Sophia has consistently adhered to all conditions of release, and there has been no indication whatsoever of any attempt to flee. While we acknowledge that Sophia was arrested at JFK while attempting to travel to China to visit her family, the Government's claim that she currently presents a risk of fleeing, especially to China, is without merit. Sophia surrendered her passport to Pre-Trial Services and has been directed not to obtain a passport or other international travel documents, pursuant to the original conditions of her release determined in June. She also remains subject to GPS monitoring, allowing Pre-Trial Services to access detailed, up-to-the-minute information regarding her location. Consequently, there is no legitimate means for her to flee, including to China, and her movements are continuously supervised. Sophia has strictly adhered to the release condition barring all direct and indirect contact with witnesses and victims, including Victim 1 and any representatives or family members of Victim 1. Should the Court modify her location restriction component from home detention to a curfew, Sophia will remain fully compliant with the no contact condition. Her behavior since release provides no indication to the contrary and demonstrates that indeed no material or "significant" danger to the community exists. To reinforce that there is no threat to the community, because Sophia's movements are continuously tracked via her GPS monitor, Pre-Trial Services would be immediately notified if she even attempted to approach the residence or workplace of any of these individuals, providing an effective deterrent and additional protective safeguard.

For these reasons, we respectfully ask the Court modify Ms. Luo's bail conditions from home detention to a curfew, with hours determined by Pre-Trial Services, while maintaining GPS monitoring. Over the last six months, Sophia has demonstrated consistent compliance with all conditions of release, presents no legitimate risk of flight, and poses no danger to the community. Pre-Trial Services consents to the request and agrees that a curfew with continued GPS monitoring provides an appropriate level of supervision. The requested modification would also allow Sophia to have slightly more independence, ensuring adequate oversight and without compromising public safety. Accordingly, the proposed modification is appropriate, and the aforementioned circumstances warrant the modification.

We thank the Court for taking this request into consideration.

Respectfully submitted,

Arthur L. Aidala, Esq.

cc:    Brandon Christopher Thompson, Assistant United States Attorney
       brandon.thompson@usdoj.gov
       Ni Qian, Assistant United States Attorney
       ni.qian@usdoj.gov