UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,        :

      vs.           :          Case No.: 25-cr-412 (MMG)

CHANGLI LUO,           :

           Defendant.  :
-------------------------------------------------------x

## DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION TO HER MOTION TO DISMISS AND FOR A BILL OF PARTICULARS

### PRELIMINARY STATEMENT

On behalf of Changli Luo, we respectfully submit this Reply in further support of Ms. Luo's Motion to Dismiss the Indictment, and for a Bill of Particulars. *See*, ECF No. 38.

The Government's opposition (*See*, ECF No. 39) fails to resolve the fundamental flaw at the heart of this prosecution: it seeks to criminalize settlement negotiations conducted by legal counsel. The Government avoids addressing the core legal issue that the alleged "threats" were made during privileged mediation sessions or by a retained attorney during legitimate settlement negotiations.  Such discussions, agreed to by Victim-1 who was represented by counsel, related to legitimate claims for compensation for a permanent injury - the transmission of an incurable disease during an improper sexual encounter. Instead of justifying why this specific conduct is "wrongful" under federal law, the Government relies on boilerplate pleading standards that do nothing to alleviate the vagueness of the charges as applied to these unique facts.  The Government repeatedly asserts that whether conduct is "wrongful" under the Hobbs Act and § 875(d) is always "for the jury." That is incorrect.

Ms. Luo does not ask this Court to weigh evidence or resolve disputed facts. She asks the Court to do what Rule 12(b)(3)(B) requires: determine whether the facts *as alleged* constitute crimes under federal law. They do not.

## **ARGUMENT**

The Government's response largely ignores the defendant's primary legal argument: that the conduct alleged is not "wrongful" under 18 U.S.C. § 875(d) or § 1951. As detailed in the defendant's Motion to Dismiss, prevailing jurisprudence dictates that a "threat" to expose or file a lawsuit is not extortionate if the defendant has a "claim of right" to the property demanded, and the 'threat' is directly related to that claim. *See*, *United States v. Jackson,* 180 F.3d 55 (2d Cir. 1999).  Indeed, the Government does not dispute that Victim-1 transmitted HPV-16 to Ms. Luo during an illicit sexual encounter, nor that this transmission formed the basis for her legal claims. Because Ms. Luo had a direct claim for damages resulting from this injury, her attorney's "threats" to pursue litigation or criminal charges do not meet the "wrongfulness" element required for extortion. These "threats" were not false statements or material misrepresentations. They were adversarial advocacy in support of a favorable financial settlement outcome. Moreover, the Government's silence on the "claim of right" defense suggests they cannot prove the necessary element of "wrongfulness" in the context of a legitimate personal injury dispute.

In addition, the Government offers no comment or justification for their selective prosecution of Ms. Luo, and it fails to explain the glaring disparity in its charging decisions. It is undisputed that the most "aggressive" and "extortionate" statements cited in the Indictment were made by Ms. Luo's then-attorney, Tyrone Blackburn, almost exclusively outside of her presence. Despite having a documented history of problematic tactics and conduct in this District, as well

as being the primary actor in the communications the Government labels as criminal, Mr. Blackburn remains uncharged. Although not explicitly argued, the Government's assertion that Mr. Backburn indicated to Victim-1's attorneys that Ms. Luo "directed" him to convey certain demands to Victim-1's attorneys, would certainly not shield him – *or any lawyer* – from participation in an otherwise extortionate scheme. Moreover, the Government's response provides no explanation for why it has targeted the client - who surely relied on counsel's advice - while ignoring the attorney who actually formulated and delivered the statements. This Court should require it to do so.

Lastly, the Government's Opposition reinforces the need for a Bill of Particulars. The Government argues that the Indictment is "sufficiently specific," yet it fails to identify which specific statements were "false" or which specific "threats" exceeded the bounds of legitimate legal advocacy. Indeed, as stated, Ms. Luo made statements indicating there were cameras that recorded Victim-1's illicit sexual conduct. Do they claim these statements were false, despite Mr. Blackburn's acknowledgment he had viewed the video? The Government has repeatedly pointed to a video allegedly made by Ms. Luo and stored on her cell phone, which contained pornography with Victim-1's face photoshopped over one of the sexual partners.  It would seem peculiar that the Government would argue that Ms. Luo intended to claim that this homemade video adapted from the internet was *the* illicit encounter between Ms. Luo and Victim-1 which took place in her apartment and, thus, the basis for the 'false statement' element in Count One. However, because the Government has not delineated which statements were false, Ms. Luo cannot properly prepare her defense against that charge in the Indictment, and the defense is left to guess which statements they are alleging are extortionate. Additionally, without a Bill of Particulars, Ms. Luo cannot adequately prepare a defense against the Wire Fraud and Extortion

counts, as the Government has not delineated the boundary between lawful settlement negotiation and comments made to a mediator, and the alleged criminal conduct.

## **CONCLUSION**

The Government asks this Court to authorize its efforts to criminalize settlement negotiations where (1) the defendant had a plausible claim of right, (2) the alleged "threats" were directly tethered to that claim, (3) the alleged disclosures concerned the very misconduct giving rise to the claim, and (4) the demands were made during agreed-upon mediation or attorney-to-attorney settlement discussions. That request should be rejected.

For these reasons and those detailed in the Defendant's initial Memorandum of Law, the Indictment should be dismissed in its entirety. In the alternative, the Court should order the Government to file a Bill of Particulars.

Dated: March 27, 2026                                Respectfully submitted,

                                                    /s/ Arthur L. Aidala
                                                    /s/ Michael T. Jaccarino
                                                    /s/ Alexandra Jo Debenedictis
                                                    Aidala, Bertuna & Kamins, P.C.
                                                    546 5th Avenue, 6th Floor
                                                    New York, New York 10036
                                                    *Attorneys for Chagli Luo*